David D. Lin (DL-3666)
david@iLawco.com
Justin Mercer (JM-4514)
justin@iLawco.com
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

*Counsel for Plaintiff Lacey Ramroop*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LACEY RAMROOP,<br><br>          *Plaintiff*,<br><br>     v.<br><br>JOHN DOE,<br><br>          *Defendant*. | Civil Action No: 1:14-cv-05116<br><br><br>**COMPLAINT** |

Plaintiff LACEY RAMROOP ("Plaintiff"), by and through her undersigned counsel, for her complaint for damages and injunctive relief against defendant, JOHN DOE ("Defendant"), alleges as follows:

**STATEMENT OF CASE**

1.  Plaintiff brings this action pursuant to 18 U.S.C. § 2510 *et seq.*, 18 U.S.C. § 2701 *et seq.*, and state and federal common law for Defendant's willful and unlawful access, interception, monitoring and viewing of Plaintiff's electronic and stored electronic communications without her consent or authorization. Upon information and belief, Defendant illegally gained entry to Plaintiff's email account and used or removed documents stored on her personal computer and on remote cloud hard drives by using various methods, including, but not limited to, key loggers and other computer programs designed to enable remote access to, unmask passwords contained on someone else's

computer without leaving a trace. Armed with Plaintiff's personal information, Defendant has commenced a systematic pattern of online impersonation, identity theft, harassment, stalking and defamation via Facebook and email, all without revealing his/her identity. Upon learning of the specific identity of said Defendant, Plaintiff shall move to substituted the named parties or otherwise amend the Complaint.

## PARTIES

2. Plaintiff, Lacey Ramroop, is an individual residing in Staten Island, New York.

3. Upon information and belief, Defendant is an individual residing in the State of New York. As described in detail below, upon information and belief, Defendant maintains an IP address of 72.69.129.107. According to publically available resources, Verizon FIOS the Internet Service Provider ("ISP") for the IP address of 72.69.129.107 and the approximate geographic location of the IP address is Ozone Park, New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 based upon the Defendant's violations of Title 3 of the Omnibus Crime Control and Safe Streets Act of 1968 and, specifically §§ 2510 *et seq.* and 2701 *et seq.* of Title 18 of the United States Code, also known as the Electronic Communication Privacy Act ("ECPA"), or, respectively, the "Wiretap Act" and the "Stored Communications Act."

5. This Court has pendent jurisdiction of the related state law claims asserted in this action pursuant to 28 U.S.C. § 1367 because they arise from the same operative facts common to the causes of action arising under the First and Second Claims for Relief, and because the exercise of pendent jurisdiction serves the interests of judicial economy, convenience and fairness to the parties.

6. This Court has jurisdiction over Defendant because, upon information and belief, Defendant resides in the State of New York and within this judicial district.

2

Defendant further subjected himself or herself to this Court's jurisdiction by invoking the benefits and protections of this State in an attempt to cause harm within the State of New York. Their false and defamatory statements, dated June 18, 2014 and June 19, 2014, made via email to third parties and on Facebook, imputing that Plaintiff is unchaste, mentioned Plaintiff's residence in Staten Island, New York. Upon information and belief, Defendants did this so that the third parties individuals would see Defendants' false and defamatory statements and connect them with Plaintiff, thus causing Plaintiff harm in New York. Thus, personal jurisdiction over Defendants is also proper in New York pursuant to New York Civil Practice Law and Rules § 302(a).

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), since some, or all, of the conduct that is the subject of this action occurred in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff is a resident of Staten Island, New York and is a private figure.

9. Plaintiff used and maintained for her exclusive personal uses personal computer, that she kept at home ( "Plaintiff's personal computer").

10. Plaintiff never granted Defendant authorization or anyone else to use Plaintiff's personal computer.

11. At all times relevant hereto, Plaintiff considered the documents and electronic communications stored on Plaintiff's personal computers to be private and confidential.

12. At all times relevant hereto, Plaintiff contracted with Google Inc. for the purpose of obtaining electronic mail ("email") service on her behalf. This Google service is known commercially as "Gmail™." At Plaintiff's request, Google assigned an email address of [PLAINTIFF'S EMAIL]@GMAIL.COM to Plaintiff, which email address Plaintiff used for private and personal communications.

13. At all times relevant hereto, Plaintiff contracted with Google for the purpose of obtaining remote, cloud storage ("cloud storage") service on her behalf. This

3

Google service is known commercially as "Google Drive™." Plaintiff's Google Drive cloud storage is connected to and accessible via her Gmail email address.

14. Plaintiff utilized her email account to transmit and receive personal email over the Internet on Plaintiff's personal computers at all times relevant to this Complaint, through the present. Plaintiff utilized her cloud storage to hold and maintain personal documents, including personal photographs. Plaintiff considered her email account and cloud storage to be private and their contents confidential.

15. At all times relevant hereto, Plaintiff contracted with Facebook, Inc. for the purpose of obtaining social networking profile ("Plaintiff's Facebook Profile") on her behalf. This Facebook, Inc. service is known commercially as "Facebook™." Plaintiff's Facebook Profile is private and is fully "read-only" accessible by persons who Plaintiff has approved and accepted as a "Facebook friend." Persons without "read-only" access to Plaintiff's Facebook Profile cannot view various aspects of her profile, including pictures she posts or personal contact information. The public portion of Plaintiff's private Facebook Profile is accessible at "www.facebook.com/Lac3ylace."

16. Access to Plaintiff's Gmail account and Facebook Profile were secured by unique passwords only known to Plaintiff. Plaintiff did not share her passwords with Defendant or anyone else. Plaintiff was required to enter her passwords to access her Gmail account and Facebook Profile, which she did using her personal computer.

**Defendant's Wrongful Conduct**

17. Upon information and belief, on or around January 2014, Defendant secretly installed spying software on Plaintiff's personal computer. This software, including an unnamed key-logging program, permitted Defendant to remotely and covertly access, intercept, monitor, transmit, use and/or remove electronic communications from Plaintiff's personal computer, cloud storage, Facebook Profile and/or email account.

18. In or around January 2014, Plaintiff and her non-party, significant other, Capildeo Sookdeo ("Mr. Sookdeo"), began to be harassed online via email and Facebook.

19. Upon information and belief, Defendant uses the impersonating email address of "lacey.ram@aol.com" with a contact name of "Lacey Ram," a reference to Plaintiff's first and last names.

20. On June 18, 2014, Defendant via "lacey.ram@aol.com" authored a harassing and defamatory email to Mr. Sookdeo entitled "*steve u need 2kno, lacey pics. read the email,*" accusing Plaintiff of being unchaste and attached approximately twenty (20) photographs to same ("First Email"). Many of the photographs in the First Email were personal photos of Plaintiff in various states of undress. Upon information and belief, the subject photos in the First Email were stolen from Plaintiff's Google Drive and/or Gmail account.

21. The First Email states that Plaintiff is promiscuous, accuses Plaintiff of giving other persons, including Defendant, sexually transmitted diseases. The First Email further identifies various persons with whom Defendant alleges Plaintiff has had sexual relations.

22. All of the statements made in the First Email are false and defamatory.

23. The author of the First Email did not identify himself or herself.

24. Upon review of the data within the header and source code of the First Email, Plaintiff was able to uncover the IP address of 72.69.129.107.

25. Later the same day, June 18, 2014, Mr. Sookdeo received another email from "lacey.ram@aol.com" containing an attachment implying that Plaintiff being unchaste with another man ("Second Email") and attached a screenshot of what is believed to be a Facebook™ message conversation with sexual overtones between "Lacey Ramroop" and another person. Upon information and belief, Defendant authored the Second Email and fabricated the Facebook message conversation.

26. All of the statements made in the Second Email are false and defamatory.

27. The author of the Second Email did not identify himself or herself.

28. Upon review of the data within the header and source code of the Second Email, Plaintiff was able to uncover the IP address of 72.69.129.107, the same IP address as the First Email.

29. On June 19, 2014, Mr. Sookdeo received a third harassing email from "lacey.ram@aol.com" accusing Plaintiff of being unchaste, and "looking like a broke prostitute" ("Third Email"). Upon information and belief, Defendant authored the Third Email.

30. All of the statements made in the Third Email are false and defamatory.

31. The author of the Third Email did not identify himself or herself.

32. Upon review of the data within the header and source code of the Third Email, Plaintiff was able to uncover the IP address of 72.69.129.107, i.e. the same IP address as the First and Second Emails.

33. Later that same day, on June 19, 2014, Mr. Sookdeo receive a fourth harassing email from "lacey.ram@aol.com" entitled "*She's wearing. .*" insinuating as to what Plaintiff was wearing, and stated: "Black pants, pink bra" ("Fourth Email"). Upon information and belief, Defendant authored the Fourth Email.

34. All of the statements made in the Fourth Email are false and caused serve nervousness and apprehension in Plaintiff and Mr. Sookdeo as they were led to believe that Defendant was stalking and/or spying on them in their home.

35. The author of the Fourth Email did not identify himself or herself.

36. Upon review of the data within the header and source code of the Fourth Email, Plaintiff was able to uncover the IP address of 72.69.129.107, i.e. the same IP address as the First, Second and Third Emails.

37. Plaintiff reviewed data and access logs from Plaintiff's private Facebook Profile and discovered that sometime between June 23, 2014 and July 9, 2014, someone bypassed and/or uncovered Plaintiff's secure password and accessed Plaintiff's Facebook

6

Profile via the IP address of 72.69.129.107 (the same IP address from the emails), no less than three (3) times. Upon information and belief, Defendant surreptitiously accessed Plaintiff's private Facebook Profile by using various methods, including, but not limited to, key loggers and other computer programs designed to enable remote access to, unmask passwords contained on Plaintiff's computer without leaving a trace.

38. On or about June 19, 2014, upon information and belief, Defendant created a harassing, impersonating, Facebook profile under the pseudonym "Lacey Lace" (the "Fake Facebook Account"). At all times relevant hereto, the profile page of the Fake Facebook Account was public and contained pictures of Plaintiff that had no been previously made public and/or were stored on Plaintiff's private Google Drive account. The Fake Facebook Account is accessible at "www.facebook.com/lacey.ramroop," an obvious reference to Plaintiff's first and last names.

39. Upon information and belief, between June 19, 2014 and the present, Defendant began systematically friend requesting various friends and family members of Plaintiff via the Fake Facebook Account.

40. Those innocent persons were unaware that the Fake Facebook Account was not Plaintiff.

41. Upon information and belief, Defendant made various false and defamatory statements regarding Plaintiff to the various friends and family members of Plaintiff between June 19, 2014 and the present, accusing her of being unchaste and spreading sexually transmitted diseases.

42. Such false and defamatory statements caused substantial disruption with Plaintiff's personal and familial relationships and severe emotional distress.

43. On or about June 24, 2014, Defendant attempted to have a Facebook instant message conversation with Plaintiff via the Fake Facebook Account. In the Facebook conversation, Defendant again accused Plaintiff of being unchaste, promiscuous, and consciously spreading and infecting other identified men with sexually

7

transmitted diseases. The Facebook conversation included false and defamatory statements such as: (1) calling Plaintiff an "[o]bsessed slut," "slut," "Lowlife whore," and "whore," and (2) stating "Go disinfect urself u dirty hoe. stop sucking dick.spreading disease and using ppl."

44. Upon information and belief, the creator of the Fake Facebook Account, whom engaged in the conversation with Plaintiff, maintains an IP address of 72.69.129.107.

45. In the Facebook conversation, Defendant admitted to sending emails containing Plaintiff's personal photographs.

46. The balance of statements made by Defendant in the Facebook conversation is false and defamatory.

47. Upon information and belief, Defendant used key-logging software remotely to access, intercept and monitor Plaintiff's personal electronic communications, information, and keystrokes on her personal computers, including Plaintiff's email account passwords.

48. Defendant concealed from Plaintiff the existence of such software and his or her ability to remotely access, intercept and monitor Plaintiff's personal electronic communications.

49. Upon information and belief, Defendant used content from Plaintiff's email conversations to identify and communicate false and defamatory statements to Plaintiff's family and friends.

50. From around January 2014 until the present, despite her multiple attempts to secure her email account and Facebook Profile by changing her passwords, Defendant repeatedly and routinely intercepted, accessed and viewed Plaintiff's personal emails and photos store on her Google Drive account. Defendant was able to gain entrée into Plaintiff's accounts by unmasking her passwords using key-logging software or other surreptitious methods.

8

51. Defendant intercepted the email communications described herein without Plaintiff's knowledge or consent, and in violation of federal and state law, including the ECPA.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE WIRETAP ACT**
**UNDER 18 U.S.C. § 2511**

52. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 51, with the same force and effect as if set forth in detail herein again.

53. At all relevant times herein, The Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* was in full force and effect and governed the acquisition and disclosure of electronic communications transmitted by electronic communications services.

54. At all relevant times herein, subject to specific exceptions, 18 U.S.C. § 2511 prohibited the intentional interception, disclosure, or use of the contents of any electronic communications between two parties without the consent of one or both of the parties to that communication.

55. Defendant intentionally intercepted Plaintiff's electronic communications, i.e. her email, without her consent, thereby violating 18 U.S.C. § 2511(1)(a).

56. Upon information and belief, Defendant intentionally disclosed or attempted to disclose Plaintiff's electronic communications, i.e. her email, to others, without Plaintiff's consent, while knowing or having reason to know that the information was obtained through the interception of wire, oral or electronic communication in violation of 18 U.S.C. § 2511(1)(c).

57. Defendant intentionally used, or attempted to use, the contents of Plaintiff's electronic communications, i.e. her email, while knowing or having reason to know that the information was obtained through the interception of wire, oral or electronic communication in violation of 18 U.S.C. § 2511(1)(d).

9

58. Plaintiff has suffered damages as a result of Defendant's conduct.

59. As such and pursuant to 18 U.S.C. § 2520, Plaintiff is entitled to relief for Defendant's violations of 18 U.S.C. § 2511(a), (c), and (d).

60. Plaintiff is further entitled to Preliminary Injunctive relief pursuant to 18 U.S.C. § 2520(b) and 18 U.S.C. § 2707(b).

61. As direct and proximate result of Defendant's conduct as described herein, Plaintiff has suffered irreparable harm through the loss of her confidential and private electronic communications. Defendant's misappropriation, possession and continued use and disclosure of the confidential information gained in violation of state and federal law poses a substantial risk of irreparable harm. The total loss to Plaintiff in economic terms cannot be accurately measured at this time.

62. Plaintiff has a substantial likelihood of success on the merits of her claims. In addition, the magnitude of the injury being suffered due to Defendant's unlawful conduct heavily outweighs whatever hardship Defendant could allege or prove from being restrained as requested.

63. The granting of the injunctive relief requested herein will not adversely affect any public policy or public interest.

64. Injunctive relief, as an equitable remedy, is authorized by 18 U.S.C. § 2520(b) and 18 U.S.C. § 2707(b), and as such, Plaintiff need not demonstrate an irreparable injury or inadequacy of other remedies, but merely show a *prima facie* case of illegality and that an injunction would fulfill the legislative purpose of the statute. A temporary restraining order and preliminary injunction will fulfill the purposes of these statutes.

65. At this point, Plaintiff has no adequate remedy at law and is suffering immediate, imminent, and irreparable harm. Should Defendant's actions in using and disclosing the communications and information illegally obtained continue unabated, he or she will continue to harm and negatively impact her privacy interests.

66. Further, absent an appropriate order directing Defendant to preserve material evidence, a substantial risk exists that Defendant will destroy or conceal evidence supporting the claims articulated herein. Specific items at risk of spoliation include, but are not limited to: digital storage devices, including, but not limited to, mobile phones and smartphones; computer hard drives; files stored online; stored email communications; downloaded email communications and any attachments thereto; correspondence or memoranda summarizing the contents of Plaintiff's electronic communication or email. Given that much of the evidence at issue is likely to be in digital format, the risk of loss through inadvertence, accident, or deliberate action is heightened. In the event that such evidence is lost, mishandled or destroyed, Plaintiff's ability to establish her claims and damages will be threatened with irreparable harm.

67. Plaintiff has reason to believe that absent an immediate order restraining the destruction or manipulation of material and physical evidence, such items will be destroyed or concealed.

68. Accordingly, Plaintiff requests temporary and permanent injunctions against Defendant John Doe, his agents, servants, employees and other persons in active concert or participation with him, from:

   a. Deleting, altering, destroying or removing any emails or electronic communication directly or indirectly originating from Plaintiff's email accounts, i.e. [PLAINTIFF'S EMAIL]@GMAIL.COM.

   b. Deleting, altering, destroying or removing any emails or electronic communication directly or indirectly originating from Defendant's email accounts.

   c. Deleting, altering, destroying or removing any hard copy of any emails or electronic communications or attachments thereto which directly or indirectly originated from Plaintiff's email accounts.

    d. Directly or indirectly using or disclosing any information contained within any of Plaintiff's electronic communications, documents attached to any such electronic communication that Defendant may have received, and documents stored on Plaintiff's personal computer;

69. Plaintiff further requests that the Court enter a Preliminary Injunction as follows:

    a. Ordering Defendant to immediately preserve all documentary and physical evidence in his care, custody or control, including all electronic devices that may contain any evidence of Plaintiff's electronic communications;

    b. That pending further order of this Court, all items covered by this order shall be preserved in such a manner as to maintain the integrity of the data, including all associated metadata existing as of the date of this order;

    c. That the Court, pursuant to Fed. R. Civ. P. 53, appoint a Special Master with training or specialized knowledge in computer forensics to examine all electronic storage devices and media in the possession, custody or control of Defendant, to the extent that such items were used to store data related to any interception of Plaintiff's electronic communications or email and/or any monitoring of Plaintiff's personal computers at any time prior to the date of service of this Order, for the purpose of identifying any electronic communications or data material to this action, and to perform any other function or duty ordered by the Court.

70. The Preliminary Injunction, as requested above, is warranted and would assist in preserving the status quo.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE STORED COMMUNICATIONS ACT**
**UNDER 18 U.S.C. § 2701**

71. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 70, with the same force and effect as if set forth in detail herein again.

72. At all relevant times herein, The Stored Communications Act, 18 U.S.C. § 2701 *et seq.* was in full force and effect and governed the accessing of facilities through which electronic communication service is provided.

73. At all relevant times herein, subject to specific exceptions, 18 U.S.C. § 2701(a) prohibited the intentional unauthorized accessing of a facility through which an electronic communication service is provided whereby an individual obtains access to an electronic communication that is in electronic storage in such system.

74. Between January 2014 and the present, Defendant violated 18 U.S.C. § 2701(a) by intentionally, repeatedly and without Plaintiff's authorization, accessing electronic communications and cloud storage, i.e. her Gmail and Google Drive, while said electronic communications were in electronic storage systems maintained by Google.

75. Plaintiff never authorized Defendant to access Plaintiff's electronic communications while Google was storing them. Plaintiff never gave Defendant her email password. Plaintiff changed her passwords several times between January 2014 the present. By intentionally accessing Plaintiff's email and cloud storage by using passwords obtained by use of key logger spyware programs surreptitiously installed on Plaintiff's personal computer, Defendant violated 18 U.S.C. § 2701(a).

76. As such and pursuant to 18 U.S.C. § 2707, Plaintiff is entitled to relief for Defendant's violations of 18 U.S.C. § 2701(a).

## THIRD CLAIM FOR RELIEF
## TRESPASS TO CHATTELS

77. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 76, with the same force and effect as if set forth in detail herein again.

78. At all relevant times herein, Plaintiff held a possessory interest in her email communications and documents stored on her personal computer and in cloud storage, the intrinsic value of which was based in part upon the confidential and private nature of the communications and documents.

79. Through his or her aforementioned actions, Defendant intentionally intermeddled with Plaintiff's possessory interest in her email communications and documents stored on her personal computer and in cloud storage.

80. By intermeddling with Plaintiff's property, Defendant dispossessed Plaintiff of the confidential and private aspects of said communications and documents and used the information contained therein for his or her personal gain, thereby impairing the condition, quality and value of Plaintiff's property.

81. As a result of said trespass, Defendant conducted himself or herself in a manner that was malicious, oppressive, outrageous, willful, wanton, reckless and abusive such that would entitle Plaintiff to compensatory and punitive damages, in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorney's fees.

## FOURTH CLAIM FOR RELIEF
## DEFAMATION – LIBEL PER SE

82. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 81, with the same force and effect as if set forth in detail herein again.

83. Defendant has intentionally made knowingly false statements of fact about Plaintiff via email and on Facebook.

84. The aforementioned statements were false when made and Defendant knew or should have known that the statements were false when made.

85. These statements were made maliciously and willfully, and were intended to cause harm to Plaintiff's personal reputation.  The statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of Plaintiff.

86. The aforementioned statements where made of and concerning Plaintiff, and were so understood by those who read Defendant's publication of them.

87. Among other statements, in the First, Second, Third and Fourth Emails, Defendant falsely accused Plaintiff of being promiscuous and unchaste, to wit: "I [Defendant] fucked her," and "she sucks dick a lot here in queens."

88. These statements were false, and were published to third parties in this district and across the Internet.

89. All of the false and defamatory statements were made without Plaintiff's permission or authorization, nor any justifiable privilege, all of which is embarrassing, humiliating, harassing and distressing.

90. As a result of Defendant's past and continued wrongful acts, Plaintiff has endured severe emotional distress and suffered damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorney's fees.

### FIFTH CLAIM FOR RELIEF
### <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

91. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 90, with the same force and effect as if set forth in detail herein again.

92. Defendant's statements that Plaintiff is unchaste, promiscuous and consciously infected others with sexually transmitted diseases occurred intentionally with a desire to harm Plaintiff.

15

93. The manner by which Defendant sought to harm Plaintiff, including the steps described herein via creation of the Fake Facebook Account to communicate with Plaintiff's family and friends, was extreme and outrageous.

94. As a result of Defendant's past and continued wrongful acts, including, *inter alia*, besmirching Plaintiff's reputation, Plaintiff has experience extreme emotional distress.

95. As a result of Defendant's past and continued wrongful acts, the character and reputation of Plaintiff were harmed and she suffered mental anguish and personal humiliation.

96. As a direct and proximate result of Defendant's past and continued wrongful acts, Plaintiff has been materially and substantially damaged in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

97. Award Plaintiff compensatory damages according to proof at trial but in an amount not less than $250,000.00;

98. Award Plaintiff punitive damages pursuant to 18 U.S.C. § 2520(b), 18 U.S.C. § 2707(c), and the common law, due to Defendant's willful and wanton behavior;

99. Award Plaintiff statutory damages pursuant to 18 U.S.C. § 2520(b) and 18 U.S.C. § 2707(c);

100. Enter a temporary and permanent order, pursuant to 18 U.S.C. § 2520(b) and 18 U.S.C. § 2707(b), as follows:

    i. Directing Defendant to return to Plaintiff all copies of all electronic communications, whether stored in electronic format or hard copy;

    ii. Barring Defendant from disclosing the contents of any electronic communication obtained in violation of federal law;

      iii. Directing Defendant to cease and desist from engaging in any electronic monitoring, surveillance or wiretapping or Plaintiff; and

      iv. Ordering Defendant to immediately preserve all documentary and physical evidence in his care, custody or control, including all electronic devices that may contain any evidence of Plaintiff's electronic communications;

b. Enter a temporary and permanent order, pursuant to 18 U.S.C. § 2515 and 18 U.S.C. § 2707(b), enjoining Defendant from directly or indirectly using or disclosing any information contained within any of Plaintiff's electronic communications, documents attached to any such electronic communication that Defendant may have received, and documents stored on Plaintiff's personal computers;

101. Award Plaintiff reasonable attorney's fees, costs and disbursements in this civil action, pursuant to 18 U.S.C. § 2520(b) and 18 U.S.C. § 2707(c); and

102. Enter such other and further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Dated: Brooklyn, New York
August 28, 2014

                                  LEWIS & LIN, LLC

                                  By: /s/ Justin Mercer
                                  David D. Lin, Esq. (DL-3666)
                                  Justin Mercer, Esq. (JM-4514)
                                  45 Main Street, Suite 608
                                  Brooklyn, NY 11201
                                  Tel: (718) 243-9323
                                  Fax: (718) 243-9326
                                  Email: david@iLawco.com
                                            justin@iLawco.com
                                  *Counsel for Plaintiff*