UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
LACEY RAMROOP,                                :    Case No:    1:14-cv-05116-ENV-CLP
                                              :
                     Plaintiff,             :
                                              :
          -against-                          :    **DEFENDANTS' FIRST SET OF**
                                              :    **INTERROGATORIES TO PLAINTIFF**
KIMBERLY MOHAMMED, DALE SUI           :
and WAHEEDA REID,                             :
                                              :
                    Defendants.  :
------------------------------------------------------X

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 33, Defendants' hereby submit the following Interrogatories to Plaintiff. Defendants request that the Plaintiff, Lacey Ramroop, serve its answers, in writing and under oath, to the undersigned counsel for Defendants at 100 Church Street, Suite 800, New York, New York 1007, within 30 days of service of these interrogatories.

**I.**     **Instructions**

If you object to any documents requested on the grounds of privilege, work product or other grounds, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based in a manner that will enable other parties to assess the claim, and identify the information objected to by furnishing its date, participants (e.g., names of speakers or authors or addresses) and a general description of the nature, rather than the substance of the purportedly protected information. If

the objected to document contains relevant non-objectionable matter, you should produce it, with the objectionable matter redacted.

## II. Definitions

1. Plaintiff. The term "Plaintiff" or "You" or "Your" means Lacey Ramroop, a Plaintiff in this action, or any of her agents, servants, employees or representatives, and any and all other persons acting or purporting to act on her behalf, including where necessary and where not privileged, her attorneys.

2. Document. The term "document" is defined as set forth in Rule 34(a) of the Federal Rules of Civil Procedure. "Document" shall be broadly defined to include all media on which information is recorded or stored.

3. Communication. "Communication" means the written, verbal, and/or any recordings of the transmission of information (in the form of facts, ideas, inquiries or otherwise).

4. Pertaining. "Pertaining" means relating to, referring to, describing, evidencing or constituting.

5. And/or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

6. Subject matter of this litigation. "Subject matter of this litigation" means the facts and allegations set forth in Plaintiff's Complaint and First Amended Complaint.

7. Computer devices. "Computer Devices" means any computer device, including any computer, laptop or desktop, portable hard drive, external hard drive, mobile phone, any

and all tablets regardless of brand and mark, mp3 player or electronic device capable of connecting to the internet or storing electronic data, used by or within the possession and control of you.

8. File and/or Files. "File" and/or "Files" means the complete file, folder, binder, or other filing system including but not limited to paper, physical or electronic. The same term shall pertain to any and all documents contained therein as of the date of the deposition and all documents not physically in the file, folder, binder, or other filing system that are normally kept within the file, folder, binder, or other filing system that are normally kept within the file, folder, binder, or other filing system in the normal course of business.

9. Discussions. "Discussions" means any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting, or telephone conversation that has been memorialized in any way, including in written or documentary form or by virtue of any sound recording device or otherwise preserved in any way.

10. Person. "Person" means any natural person or individual.

11. Business. "Business" means business, firm, proprietorship, association, partnership, corporation, government entity or association, joint venture, voluntary unincorporated association, trust, state, government agency, commission, bureau and every other type of organization or entity, including divisions, departments or other units therein.

12. Any term or word that is not defined herein has its usual and customary meaning.

13. Unless otherwise specified, the applicable time frame is from January 2013 to the present. Notwithstanding the foregoing, Plaintiff is reminded of its obligation under the Federal Rules of Civil Procedure to supplement all discovery responses in a timely manner.

### III.   Interrogatories

1.   State the full name and address of the Plaintiff.

2.   Identify by brand, trademark, model number, version, serial number and by any other relevant form of identifier every computer device used in your home currently and during the preceding Two ("2") years. For each such computer device, state when and where it was purchased and persons who had access and authority to use this device. In addition, please specify time periods when this computer device was used by you and any other person who had access to the device and who had authority to use this device.

3.   Identify every person who is currently residing or routinely visits your home as well as any and all persons who resided with you and who routinely visited your residence in the past Two ("2") years.

4.   For each of your computer devices in your home, identify each program which has ever been installed that can be used to encrypt, destroy, erase, delete or wipe out files or data from said computer device, and any program used to mask, switch or hide your IP address or email address.

5.   State the name, date of birth and address of a person whom you are currently romantically involved with. Please disclose the name and address of this person's employer.

6. Identify each website, blog or message board, which you have visited, or to which you have subscribed, posted or hosted, which refers to, relates to, or discusses the subject matter of this litigation.

7. Identify any and all social media accounts you currently use and used in the past Two ("2") years. These accounts shall include but not be limited to Facebook, Twitter and Instagram.

8. Identify any and all email addresses in which you currently use and/or have used within the last Two ("2") years.

9. Identify all documents that Plaintiff intends or has relied upon in support of her claim or contention prosecuting this lawsuit.

10. Identify any and all conversations Plaintiff had with any third party regarding subject matter and occurrences alleged in this lawsuit in the past Two ("2") years.

11. Describe the relationship between Plaintiff and Dale Sui.

12. Describe the relationship between Plaintiff and Kimberly Mohammed.

13. Describe the relationship between Plaintiff and Waheeda Reid.

Dated: New York, New York
October 13, 2015

Spodek Law Group, P.C.
Yuriy Yaroslavskiy, Esq. (YY-6129)
100 Church Street, Suite 800
(646) 979-8749
(212) 300-6371
yuriy@spodeklawgroup.com